EDWARD T. BOWSER, SR., APPELLANT, v. DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY AND THE CITY OF EAST ORANGE, A MUNICIPAL CORPORATION, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 1, 1969—Decided January 5, 1970.

Before Judges CONFORD, COLLESTER and KOLOVSKY.

*Mr. Norman E. Scull* argued the cause for appellant.

*Mr. Philip S. Carchman,* Deputy Attorney General, argued the cause for respondent Department of Civil Service (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

*Mr. Allan S. Berger* filed a statement in lieu of brief for respondent City of East Orange (*Mr. Jack Okin,* attorney).

The opinion of the court was delivered by

COLLESTER, J. A. D. This is an appeal from an administrative decision of the Civil Service Commission placing the position of chief building inspector of the City of East Orange in the classified service under the provisions of the Civil Service Act.

The facts are not in dispute. East Orange is a city of the second class organized under *N. J. S. A.* 40:103–5 (71) *et seq.* (Acts Saved from Repeal), which subsequently adopted the provisions of the Civil Service Act. On July 25, 1968 Bowser was appointed by the mayor to the position of chief building inspector as a temporary appointee pending a civil service examination. On February 24, 1969 plaintiff was permanently appointed to said position by the city council, retroactive to July 25, 1968. The C. S. 6 form filed with the Commission listed appellant as being in the unclassified service.

The Civil Service Commission concluded that the position was in the classified service and scheduled a promotional competitive examination to fill the position. The city contended the position belonged in the unclassified service for which no examination is required and that Bowser was entitled to tenure under *N. J. S. A.* 40:171–168. Thereafter, Bowser brought an action in the Chancery Division to have the position declared to be in the unclassified service and to restrain holding of the examination. The court, by a consent order, directed that the examination be held but that certification of the results thereof be stayed pending an adjudication of the controversy and transferred the case to this court for a review of the determination of the Civil Service Commission pursuant to *R. R.* 4:88–8, now *R.* 2:2–3.

The appellant relies alternatively on three statutory provisions in his argument that the position of chief building inspector is in the unclassified service. The City of East

Orange has filed a statement in lieu of brief in which it concurs with appellant's contentions.

The statutory provisions relied on are as follows:

*N. J. S. A.* 11:22–2.[1] The unclassified service shall not be subject to the provisions of this subtitle and shall include the following:

c. Appointments of the mayor;

d. Heads of departments * * *;

*       *       *       *       *       *       *       *

o. Such other officers and positions not now included in the unclassified service by this section or by any other statute, as the Civil Service Commission shall, from time to time, determine, according to law, to be in the unclassified service.

*       *       *       *       *       *       *       *

Appellant's first point is that the position falls within the unclassified service under *subsection* (*o*). He alleges that he was permanently appointed chief building inspector by the city council pursuant to *N. J. S. A.* 40:171–55, which provides that in all cities of this State the common council shall have the right to appoint a building inspector, and that he acquired tenure of office under *N. J. S. A.* 40:171–168, which gives tenure to building inspectors upon appointment by governing bodies of cities of the second class. He argues that since he acquired tenure upon his appointment this fact, of necessity, places him in the unclassified service under *subsection* (*o*).

▆▆▆ We disagree. The Civil Service Commission has at no time determined this position to be in the unclassified service. Statutes granting tenure to employees must be read *in pari materia* with the tenure provisions of the Civil Service Law. *Perrella v. Board of Education of Jersey City,* 51 *N. J.* 323, 331 (1968). While the position of building inspector is not included in the positions listed in the unclassified service under *N. J. S. A.* 11:22–2 and no other

1 We have not overlooked the fact that *N. J. S. A.* 11:22–2 was amended effective November 17, 1969 by *L.* 1969, c. 189. The amendment does not affect the situation present here.

statute places it in the unclassified service, the mere fact that an appointee acquires tenure under *N. J. S. A.* 40:171:168 does not preclude the Civil Service Commission from exercising its statutory authority to include positions, not assigned to the unclassified service by law, in the classified service. See *N. J. S. A.* 11:22–2 (*o*) 50, 51 and 52. When East Orange adopted civil service for its employees it brought into operation all the pertinent provisions of the civil service laws, including the right to have such employees selected on the basis of education, experience and training through competitive examinations and not by personal or political favoritism.

■ ■ Appellant's second point is that he is the head of a department and thus is in the unclassified service under *N. J. S. A.* 11:22–2 (d). We are satisfied that the Commission was fully justified in concluding that appellant's position does not qualify as the head of a department within the meaning of *subsection* (*d*). A major factor to be considered in determining whether an employee qualifies as the head of a department is whether he has the power to "hire and fire" employees in his department, *Milton v. Dept. of Civil Service*, 7 *N. J. Super.* 135, 140–41 (*App. Div.* 1962), a factor which is missing here. Moreover, the other incidents of the position relied on by appellant do not compel a reversal of the administrative decision by the Civil Service Commission that appellant is not the head of a department on the total fact picture.

■ Lastly, appellant claims that the position is in the unclassified service under *subsection* (c) of the statutory section cited because he was temporarily appointed to the position by the mayor. This argument obviously is without merit. It is conceded that his permanent appointment as chief building inspector was made by the city council pursuant to *N. J. S. A.* 40:171–55 and not by the mayor. *Cf. Follari v. Dept. of Civil Service*, 102 *N. J. Super.* 598 (*App. Div.* 1968), certif. denied 53 *N. J.* 80 (1968).

The decision of the Civil Service Commission is affirmed.